

# CANFIELD RUGGIERO LLP

68 South Service Road, Suite 100, Melville, NY 11747

Phone 516.554.6864   www.Canfield-Ruggiero.com

Jruggiero@Canfield-Ruggiero.Com

June 1, 2022

Hon. Hector Gonzalez
United States District Judge
225 Cadman Plaza East
Courtroom: 6A South
Brooklyn, New York 11201

Re:   **CASE #: 2:22-cv-02236-HG-SIL**
      *Kyrin Taylor vs. Cooper Power & Lighting Corp., Mitch Cooper,*
      *Daren Sobel and Austin Rutella*

Dear Judge Gonzalez:

    I represent Defendants **Cooper Power & Lighting Corp**. and **Mitch Cooper** in the above-referenced action. The purpose of this letter is to request the scheduling of a pre-motion conference as required by your rules.

    The aforesaid Defendants request permission to file a motion pursuant to Fed**.** R**.** Civ**.** P**.** 12 (f) seeking an Order striking certain material from the Plaintiff's Complaint as irrelevant, disrespectful, scandalous, etc. as its inclusion would prejudice said Defendants. FRA S. p. A. v. Surg-O-Flex of America, Inc., 415 F. Supp. 421, 427 (S.D.N.Y. 1976). As a matter of law, pleadings containing unnecessary allegations, conclusions, or evidence beyond a short and plain statement of the grounds for relief may be challenged as impertinent by a motion to strike. Giuliano v. Everything Yogurt, Inc., 819 F. Supp. 240, 246 (E.D.N.Y. 1993). In the case at bar, the Plaintiff asserts multiple claims related to the alleged retaliation and perpetrating of a purported hostile workplace. However, even a cursory review of the Complaint reveals that it goes well beyond a "*short and plain statement of the grounds for relief*".

    This case revolves around Plaintiff's alleged discovery of a yellow piece of rope hanging at the place of business of Defendant Cooper Power & Lighting Corp. ("Cooper"). The Plaintiff's position is that the rope was actually a noose which he asserts was directed towards him to intimidate and threaten his well-being. Cooper denies these allegations. Obviously, this issue and related issues will be decided herein. However, the repeated refence to a "*hangman's noose*" (over and over), along with a detailed history (ex. Pars 26, 31, 32, 33) of the "*hangman's noose*" and its meaning in the history of our country is improper and should be stricken from the Complaint. Likewise, Plaintiff simply concludes that the picture on page 7 of the Complaint is a "*hangman's noose*".   Not only are no details offered as to who took this picture, when it was taken, etc., but the issue of whether this rope was actually a noose is one of the issues to be decided herein. The Plaintiff should not be permitted to simply insert this picture and conclude it to be a "*hangman's noose'*. Obviously, as there has been no discovery, the picture is not even in evidence and should not be inserted into the Complaint. Indeed, the Complaint (page 9) even contains an improper citation to an Ohio Law Journal article entitled the "*complexity of hate*".

Hon. Hector Gonzalez
United States District Judge
Page 2
6/1/22

   The complaint also makes reference to alleged admissions by Defendant Mitch Cooper (pars. 39, 40, 41) which are vehemently disputed and are truly a work of fiction on the part of the Plaintiff. The purpose of the Complaint is to assert the grounds for relief, not to utilize the pleading as a *notice to admit*. The Complaint also contains multiple hearsay statements (pars. 38, 42, 43) attributed to third parties which have no place in a pleading.

   All of the above are not properly included in he Plaintiff's Complaint, which is required to simply set forth a short and plain statement of the grounds for relief. Giuliano v. Everything Yogurt, Inc., 819 F. Supp. 240, 246 (E.D.N.Y. 1993). The inclusion of all of the above by the Plaintiff is irrelevant, disrespectful, scandalous and would prejudice said Defendants.

   As such, Defendants Cooper Power & Lighting Corp. and Mitch Cooper request the scheduling of a pre-motion conference to request permission to file a motion pursuant to Fed. R. Civ. P. 12 (f) seeking an Order striking certain material from the Plaintiff's Complaint.

   Thank you for your consideration of the above.

                CANFIELD RUGGIERO, LLP

            By: *John P. Ruggiero*
                John P. Ruggiero

cc: Law Offices of Frederick K. Brewington