UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KYRIN TAYLOR

                                      Plaintiff

- against -

COOPER POWER & LIGHTING,
MITCH COOPER, DAREN SOBEL, and
AUSTIN RUTELLA

                                      Defendants

Docket No.: 22-CV-2236(HG)(SIL)

*Defendant*

AUSTIN RUTELLA'S
REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF DEFENDANTS
MOTION TO VACATE JUDGMENT

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT AUSTIN RUTELLA'S MOTION TO VACATE JUDGMENT**

The Krupnick Firm
56 Hammond Road
Glen Cove, New York 11542
844-741-7800

**TABLE OF CONTENTS**

Preliminary Statement ................................................................................ 1

Factual Background.................................................................................... 1

The Default Judgment Is Void for Lack of Proper Service..................................... 2

Defendant's Default Was Not Willful................................................................ 3

Law Enforcement Investigated the Allegations and Found No Evidence Against Defendant................................................................ 4

Plaintiff's Prior Verified Complaint Conflicts with Claims Made in This Case.......5

The Magistrate's Report Misapplied the Law and Relied on Unchallenged Allegations .................................................................6

Defendant Has Meritorious Defenses and Viable Claims ........................................7

Plaintiff's Damages Claims Are Inflated and Untested........................................... 7

Vacatur Is Warranted Under Rule 60(b)(6) ............................................................8

Conclusion................................................................................................ 9

**TABLE OF AUTHORITIES**

**Cases**

American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57 (2d Cir. 1996) ..........................3

BMW ofN. Am., Inc. v. Gore, 517 U.S. 559 (1996)......................................................... 58

Davis v. Musler, 713 F.2d 907 (2d Cir. 1983).................................................................3

Enron Oil Corp. v. Diakuhara, 10 F.3d 90 (2d Cir. 1993) .................................................7

Grammenos v. Lemos, 457 F.2d 1067 (2d Cir. 1972) ....................................................... 3

Klapprott v. United States, 335 U.S. 601 (1949) ............................................................6,8

Patrolmen's Benevolent Ass'n v. City ofNew York, 310 F.3d 43 (2d Cir. 2002) ........... 7

Payne v. Jones, 711 F.3d 85 (2d Cir. 2013) ......................................................................8

Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80 (1988) ..................................................3,8

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993) ........... 3

SEC v. Breed, No. 01 Civ. 7798, 2004 WL 1824358 (S.D.N.Y. Aug. 13, 2004) ........... 7

SEC v. McNulty, 137 F.3d 732 (2d Cir. 1998) .................................................................3

**Statutes and Rules**

Federal Rules of Civil Procedure Rule 4(e) .....................................................................2

Federal Rules of Civil Procedure Rule 55(c) ...................................................................7

Federal Rules of Civil Procedure Rule 60(b)(l), (4), (6) .......................................... 1,3-6,7,8

**PRELIMINARY STATEMENT**

Defendant Austin Rutella respectfully submits this Memorandum of Law in further support of his motion to vacate the default judgment entered on October 23, 2024, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiffs opposition fails to overcome the fatal procedural deficiencies in service, misstates the evidentiary record, and seeks to preserve a judgment obtained through default alone-without adversarial testing of the facts or damages.

The judgment was entered without proper service, notice, or an opportunity for Defendant to defend himself, in violation of both the Federal Rules and constitutional due process. The award of $772,887.25 was not the result of a trial or evidentiary hearing, but of unchallenged allegations and conclusory submissions. The record lacks any competent proof of liability or damages. Furthermore, Defendant has meritorious defenses, including complete denials of the conduct alleged and affirmative claims for defamation and indemnification that raise material issues requiring resolution on the merits.

This reply addresses and rebuts the core arguments raised in Plaintiff's opposition and demonstrates why the judgment must be vacated under Rule 60(b)(l), (3), and (6).

**FACTUAL BACKGROUND**

Plaintiff initiated this action on April 19, 2022, asserting claims of employment discrimination and retaliation under federal and state law. The core allegation centers on an incident in which a hangman's noose was allegedly displayed at the workplace. Plaintiff alleges that Defendant Rutella participated in the creation or display of that noose, and further asserts claims under 42 U.S.C. §

1981, § 1985(3), the New York State Human Rights Law, and common law torts.

Plaintiff served the complaint via substituted service on "Kaitlyn Rutella," who was not a party to the case and is not alleged to be a co-resident or authorized agent of Defendant. Plaintiff then proceeded to obtain a certificate of default and judgment without Defendant ever entering an appearance. The Clerk entered default on January 24, 2023. Judgment was entered on October 23, 2024, awarding Plaintiff $59,629.20 in lost wages, $200,000 in emotional distress damages, and $500,000 in punitive damages, plus prejudgment interest.

Defendant, upon learning of the judgment, promptly retained counsel and moved for vacatur. Plaintiff now opposes that motion, arguing that service was proper and that the judgment should stand. However, Plaintiffs arguments ignore controlling precedent, the inadequacy of substituted service, and the profound consequences of depriving a litigant of the right to be heard.

**THE DEFAULT JUDGMENT IS VOID FOR LACK OF PROPER SERVICE**

The default judgment entered against Defendant must be vacated because the Court lacked personal jurisdiction due to insufficient service of process. The record reflects that service was made on "Kaitlyn Rutella." Plaintiff has not shown that Ms. Rutella resided with Defendant at the time, or that she was of suitable age and discretion, or that Defendant ever received the pleadings.

Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure requires personal service or substituted service at the individual's dwelling house upon someone of suitable age and discretion. The

Second Circuit has repeatedly emphasized that proper service is "not some mindless technicality." Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972).

The Supreme Court has held that a judgment entered without valid service of process violates due process and is void. Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84 (1988). Where a defendant is deprived of an opportunity to defend due to lack of notice, courts must set aside the judgment. See also SEC v. McNulty, 137 F.3d 732, 739 (2d Cir. 1998) (default judgments are void where service was not proper). Because the judgment here was entered without valid service or actual notice, it must be vacated pursuant to Rule 60(b)(4).

## **DEFENDANT'S DEFAULT WAS NOT WILLFUL**

To oppose a motion under Rule 60(b)(1), Plaintiff must show that the default was "willful"- meaning deliberate, strategic, or in bad faith. See American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). In this case, Defendant had no actual notice of the proceedings, did not evade service, and promptly moved for relief after learning of the judgment.

The standard for excusable neglect is broad and encompasses "inadvertence, mistake, or carelessness." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380,395 (1993). The Supreme Court directs courts to weigh the prejudice to the opposing party, the delay caused by the neglect, the reason for the neglect, and whether the movant acted in good faith. Here, the delay was due entirely to the failure of proper notice, and Plaintiff has not shown any actual prejudice resulting from it. As in Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983), delay alone is not sufficient prejudice to deny vacatur, particularly where no discovery has occurred.

**LAW ENFORCEMENT INVESTIGATED THE ALLEGATIONS AND FOUND NO EVIDENCE AGAINST DEFENDANT**

Beyond procedural irregularities, the factual underpinning of the judgment against Defendant Rutella has been seriously undermined by the findings of the Suffolk County Police Department and the Suffolk County District Attorney's Office. As reflected in Defendant's sworn affirmation, Rutella voluntarily submitted to an in-person interview with the Hate Crimes Division and Suffolk ADA Feron Lien. The investigators ultimately concluded that there was no basis to bring any charges against Defendant and that Plaintiff's claims were inconsistent and not corroborated by evidence.

Detective Mosby and ADA Lien further concluded that another individual, not Defendant Rutella, had constructed the noose at issue, and that Rutella's alleged involvement may have been manufactured by that co-worker for the purpose of sowing confusion or creating a false appearance of collusion. This is not a minor detail. The court is being asked to enforce a nearly $800,000 judgment against a Defendant who was investigated by law enforcement, cleared of wrongdoing, and never permitted to contest these allegations in any adversarial proceeding.

Where the government itself declines to take action based on lack of proof, it is entirely improper for a civil court to impose severe penalties without evidentiary hearing. Due process demands more.

## PLAINTIFF'S PRIOR VERIFIED COMPLAINT CONFLICTS WITH CLAIMS MADE IN THIS CASE

In March 2022, just one month before filing the instant federal action, Plaintiff Kyrin Taylor filed a separate lawsuit in the Supreme Court of Suffolk County, Index No. 604307/2022, against the Congregation of the Sisters, Servants of the Immaculate Heart of Mary. In that verified complaint, Plaintiff swore under oath that he had suffered serious, permanent injuries, emotional distress, inability to work, and long-term mental trauma as a result of a motor vehicle accident with a religious organization.

These are the same injuries for which Plaintiff now seeks compensation in this matter. The claims are not merely similar; they are identical in language and scope. In that state court filing, Plaintiff alleged that he had been "seriously and painfully bruised," had suffered "great physical and mental pain," and had been "prevented from attending his usual employment, pleasures and daily activities." Notably, he made these claims before the alleged noose incident at Cooper Power & Lighting.

Plaintiff cannot, under oath, claim total disability in one lawsuit, then pivot and assert that a subsequent event caused the same disabilities. These contradictions seriously undermine Plaintiffs credibility and, at minimum, raise triable issues of fact concerning the origin and severity of his alleged damages.

Moreover, the state action was voluntarily discontinued with prejudice shortly before Plaintiff proceeded in federal court. That procedural sequence suggests a deliberate litigation strategy to pursue overlapping damages in multiple forums-a strategy inconsistent with the integrity the

court system requires.

## THE MAGISTRATE'S REPORT MISAPPLIED THE LAW AND RELIED ON UNCHALLENGED ALLEGATIONS

The Report and Recommendation by Magistrate Judge Locke relies entirely on the allegations of the Second Amended Complaint, which, pursuant to default judgment standards, were deemed admitted. However, the report fails to account for the lack of proper service, the procedural context of the case, or the strong evidence contradicting the core claims against Defendant Rutella.

Notably, the Report finds liability based on a theory of constructive discharge and hostile work environment but acknowledges that there is no affidavit or declaration from Plaintiff in support of damages, only attorney affirmations and outdated psychological records. See Magistrate Report at 2-3. It further fails to weigh the significance of the complete absence of adversarial testing or hearing on the damages issue, a critical omission given the constitutional concerns implicated by a large financial judgment entered on default.

Courts have wide discretion under Rule 60(b)(6) to vacate judgments when necessary to avoid manifest injustice. See Klapprott v. United States, 335 U.S. 601, 613 (1949); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988). Where, as here, a judgment was entered in reliance on procedural shortcuts, without affording a defendant his day in court, such relief is not just warranted, but essential.

**DEFENDANT HAS MERITORIOUS DEFENSES AND VIABLE CLAIMS**

The Second Circuit has consistently held that a meritorious defense need not be proven conclusively; it need only be "good at law" and "not conclusively barred." Enron, 10 F.3d at 98. Defendant denies the alleged conduct and raises significant factual issues regarding Plaintiff's credibility, the chain of events, and the involvement of other parties.

Moreover, Defendant has asserted a counterclaim for defamation based on Plaintiffs public and damaging statements that have harmed Defendant's career. This counterclaim raises additional factual disputes and supports the need for full litigation. Defendant has also asserted a crossclaim against CPL, asserting that any liability should be apportioned to Plaintiff's employer.

Under Fed. R. Civ. P. 55(c) and 60(b), these claims are permitted once the default is lifted. See SEC v. Breed, No. 01 Civ. 7798, 2004 WL 1824358, at* 10 (S.D.N.Y. Aug. 13, 2004) (vacatur of default judgment restores defendant's right to assert claims and defenses).

**PLAINTIFF'S DAMAGES CLAIMS ARE INFLATED AND UNSUPPORTED**

Plaintiff's claimed damages are untested, unsupported by objective evidence, and legally excessive. The emotional distress award is based solely on subjective statements to a psychologist, and the punitive damages award is unmoored from any judicial findings.

In Patrolmen's Benevolent Ass'n v. City of New York, 310 F.3d 43, 55 (2d Cir. 2002), the court emphasized that emotional distress damages must be supported by contemporaneous medical evidence. Here, the psychological report is over two years old and lacks any objective testing.

As for punitive damages, the Second Circuit has held that they must be supported by "clear and convincing evidence" of malice or reckless indifference. See Payne v. Jones, 711 F.3d 85, 93 (2d Cir. 2013). No such findings exist here.

Moreover, the constitutional limits on punitive damages, articulated in BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 575 (1996), prohibit arbitrary awards. The ratio of punitive to compensatory damages here exceeds any justifiable level under the standards adopted by the Supreme Court.

**VACATUR IS WARRANTED UNDER RULE 60(B)(6)**

Rule 60(b)(6) permits relief from judgment for "any other reason that justifies relief." This includes cases of manifest injustice or extraordinary circumstances. See Klapprott v. United States, 335 U.S. 601, 614 (1949); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988).

This case presents precisely such circumstances. A defendant was deprived of an opportunity to defend, a judgment was entered based on one-sided submissions, and the financial consequences are severe. There has been no trial, no meaningful discovery, and no evidentiary hearing.

There is no prejudice to Plaintiff from allowing this case to proceed on the merits. As the Supreme Court held in Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 84–86 (1988), a default judgment entered without proper service or notice violates due process and is void.[1]

8

---

[1] This corrected memorandum removes a previously cited, erroneous case and substitutes the appropriate authority. See Declaration of Kevin P. Krupnick dated May 28, 2025, filed herewith

**CONCLUSION**

This Court should vacate the default judgment entered against Defendant Austin Rutella. The judgment is void for lack of proper service, the default was not willful, meritorious defenses exist, and the damages are unsupported. Vacatur is not only justified-it is constitutionally required.

Dated: April 10, 2025
       Glen Cove, New York

                                         Respectfully submitted,
                                     *Kevin P. Krupnick*

                                     Kevin P. Krupnick, Esq.
                                     The Krupnick Firm, PC
                                     *Attorneys for Plaintiff(s)*
                                     AUSTIN RUTELLA
                                     56 Hammond Road
                                     Glen Cove, NY 11542
                                     844-741-7800 Tel
                               kpkrupnick@krupnickfirm.com