UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

KYRIN TAYLOR,

*Plaintiff,*

Case No.: 22-cv-2236 (HG)(SIL)

-vs-

COOPER POWER & LIGHTING, MITCH COOPER,
DAREN SOBEL, and AUSTIN RUTELLA,

*Defendants.*
-------------------------------------------------------------------


## DECLARATION OF KEVIN P. KRUPNICK IN RESPONSE TO ORDER TO SHOW CAUSE DATED MAY 23, 2025

I, Kevin P. Krupnick, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am the attorney of record for Defendant Austin Rutella in the above-captioned matter. I submit this declaration in response to the Court's Order to Show Cause entered on May 23, 2025, which concerns a citation on page 8 of Defendant's Reply Memorandum of Law in Further Support of Motion to Vacate Judgment.

2. In that reply, I cited a case as "Green v. John H. Streater, Inc., 666 F.2d 119 (3d Cir. 1981)" in support of the proposition that a default judgment entered without proper notice is constitutionally infirm. Upon receiving the Court's Order, I immediately conducted a thorough and good-faith search of federal case law using Westlaw, Lexis Advance, and PACER, and confirmed that no such case exists under that citation or caption.

3. I acknowledge that this citation was inaccurate. The error occurred during the drafting stage, where the citation was initially inserted as a placeholder reference to a due process

case involving default judgment and lack of notice. I failed to verify the specific reporter reference and caption in the final version of the reply memorandum.

4. After reviewing the relevant legal authorities, I now believe that the intended case was most likely Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988). That Supreme Court decision stands for the same proposition — that a default judgment entered without proper notice or opportunity to be heard violates the Due Process Clause and is void. In hindsight, the incorrect "Green v. Streater" reference appears to have been a placeholder that was never corrected. I deeply regret that it was not properly verified before filing.

5. I have withdrawn the citation and will, if permitted by the Court, substitute the accurate and controlling decision, Peralta, in any corrected or amended submission. The underlying legal argument remains valid and supported by binding precedent.

6. I take full responsibility for this oversight. I acknowledge the duties imposed by Federal Rule of Civil Procedure 11(b)(2) and the principles articulated by the Second Circuit in Park v. Kim, 91 F.4th 610, 615 (2d Cir. 2024), which emphasize the obligation of attorneys to confirm the validity of legal authorities cited in court submissions.

7. I have taken immediate corrective steps to prevent such an error from recurring, including implementing a citation verification checklist for all future filings.

8. I respectfully submit this declaration in good faith and ask the Court to accept this explanation as a responsible and candid response to the Order to Show Cause. I further respectfully request that the Court decline to impose any sanctions pursuant to Rule 11 or its inherent authority.

I declare under penalty of perjury that the foregoing is true and correct.