UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KYRIN TAYLOR,

                        Plaintiff,

   -against-

COOPER POWER & LIGHTING CORP.,
MITCH COOPER, DAREN SOBEL, and
AUSTIN RUTELLA,

                       Defendants.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
22-CV-2236 (HG)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this race discrimination action, on referral from the Honorable Hector Gonzalez for Report and Recommendation, is Defendant Austin Rutella's ("Rutella") motion to vacate a default judgment that was entered against him and co-Defendant Darren Sobel ("Sobel") as it relates to Rutella.[1]  *See* Docket Entry ("DE") [65].  Plaintiff Kyrin Taylor ("Plaintiff" or "Taylor") opposes the motion.  DE [68].  The Court respectfully recommends that Rutella's motion to vacate be denied.

**I.    BACKGROUND**

In his Second Amended Complaint, which was the operative pleading in this action, Plaintiff asserted claims against all Defendants arising under:  (1) 42 U.S.C. § 1981 for race discrimination; (2) 42 U.S.C. § 1985 for conspiracy; (3) New York

---

[1] Plaintiff had also initially asserted claims against Cooper Power & Lighting Corp. ("CPL") and Mitch Cooper ("Cooper"), which he subsequently voluntarily dismissed, DE [50], leaving Rutella and Sobel as the only defendants.

1

common law for negligent hiring, retention, and training; (4) New York common law for intentional and negligent infliction of emotional distress; (5) the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, for race discrimination; (6) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, for race discrimination; and (7) the Suffolk County Human Rights Law for race discrimination. DE [23]. The facts underlying Plaintiff's claims are described at length in this Court's prior Reports and Recommendations, *see* DE [53], [58], and are incorporated by reference herein. On December 10, 2022, Taylor effectuated service on Rutella by personally delivering a copy of the Summons and Complaint to Rutella's wife at their home and sending the same to Rutella via First Class mail. DE [29]. As described below, although it is indisputable that Rutella had notice of this action, he did not answer or otherwise respond to the Second Amended Complaint.

On January 25, 2024, Taylor moved for a default judgment against Rutella. DE [51]. In a May 10, 2024 Report and Recommendation (the "Liability R&R"), this Court recommended that a default judgment be entered against Rutella and Sobel with respect to Taylor's claims for race discrimination pursuant to 42 U.S.C. § 1981, hostile work environment under the NYSHRL, and conspiracy pursuant to 42 U.S.C. § 1985. DE [53]. The Liability R&R informed Rutella of his ability to object and the consequences of failing to do so. *Id*. On May 20, 2024, Plaintiff served the Liability R&R on Rutella. DE [54]. Rutella did not file an objection. On June 7, 2024, Judge Gonzalez adopted the Liability R&R and granted Plaintiff leave to file an application

2

for damages. *See* Electronic Order dated June 7, 2024. On June 21, 2024, Plaintiff served Judge Gonzalez's Order adopting the Liability R&R on Rutella. DE [55].

On June 28, 2024, Plaintiff filed his application for damages and served it on Rutella. DE [56]. In a September 26, 2024 Report and Recommendation (the "Damages R&R"), this Court recommended that judgment be entered against Rutella and Sobel, jointly and severally, in the amount of $759,629.20, including: (1) $59,629.20 for lost wages; (2) $200,000 for emotional distress damages; and (3) $500,000 in punitive damages. DE [58]. This Court further recommended that Plaintiff be awarded $6,558.42 in pre-judgment interest,[2] plus $5.23 per day until the date on which judgment was entered, as well as post-judgment interest as set forth in 28 U.S.C. § 1961. *Id.* The Damages R&R again informed Rutella of his ability to object and the consequences of failing to do so. *Id.* On September 29, 2024, Plaintiff served the Damages R&R on Rutella. DE [59]. Rutella did not object by his deadline to do so. On October 21, 2024, Judge Gonzalez adopted the Damages R&R and granted Plaintiff a further opportunity to substantiate the attorneys' fees he seeks to recover.[3] *See* Electronic Order dated October 21, 2024. On October 23, 2024, the Clerk of the Court entered judgment against Rutella and Sobel. DE [60].

On December 18, 2024, Rutella, acting through counsel, filed an untimely objection to the Damages R&R, DE [63], as well as the instant motion to vacate the

---

[2] Although not presently before this Court, in his untimely objection to the Damages R&R, DE [63], Rutella incorrectly asserts that prejudgment interest is applied to emotional distress damages. Contrary to Rutella's assertion, as the Damages R&R specifically limits prejudgment interest to lost wages. *See* Damages R&R at 21.

[3] Plaintiff has filed a motion for attorneys' fees, which is pending and has been referred to this Court for a report and recommendation. DE [61].

3

default judgment entered against him. DE [65]. On December 19, 2024, Judge Gonzalez referred Rutella's motion to vacate to this Court for a report and recommendation. *See* Electronic Order dated December 19, 2024. The Court respectfully recommends that Rutella's motion to vacate judgment be denied.

## II.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 60(b), a court may vacate a judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion to vacate judgment is "generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). In deciding a motion to vacate a default judgment, courts weigh: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the non[-]defaulting party prejudice." *Gesualdi v. Tapia Trucking, LLC*, No. 09-CV-842(RJD)(RLM), 2009 WL 2915780, at *2 (E.D.N.Y. Sept. 11, 2009) (quoting *State St. Bank & Tr. Co. v.*

4

*Inversiones Errazuriz Limitada,* 374 F.3d 158, 166-67 (2d Cir. 2004)). The decision whether to vacate judgment is "committed to the sound discretion" of the district court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation omitted). "The burden of proof is on the party seeking relief from judgment." *Int'l Bhd. of Teamsters*, 247 F.3d at 391.

## III. DISCUSSION

Rutella relies on Fed. R. Civ. P. 60(b)(1), (3), and (6) in support of his motion to vacate judgment, claiming that: (1) he did not receive proper notice of the proceedings or the judgment, and that any failure to respond was due to "a lack of understanding of procedural requirements and a lack of proper notice"; (2) the judgment imposes excessive damages that are not supported by the evidence; and (3) his counterclaims and crossclaims demonstrate the existence of material disputes that must be resolved through litigation on the merits. *See* Memorandum of Law in Support of Motion to Vacate Judgment ("Rutella Mem."), DE [65-2], at 3-5; Reply Memorandum in Further Support of Motion to Vacate Default ("Rutella Reply Mem."), DE [69-1], at ¶ 8. Rutella's arguments are meritless.[4]

---

[4] In Rutella's reply in support of his motion to vacate, he cites *Green v. John H. Streater, Jr.*, 666 F.2d 119 (3d Cir. 1981). DE [69-1] at 8. When the Court was unable to locate *Green* or any case resembling it, the Court instructed Rutella's attorney, Kevin Krupnick, to either submit a copy of the case or show cause why he should not be sanctioned. *See* Electronic Order dated May 22, 2025. Krupnick admitted that he fabricated the *Green* case and claimed that he used it as a "placeholder" in a draft. DE [70-1]. It is implausible that an attorney would cite a case as specific as "*Green v. John H. Streater, Jr.*, 666 F.2d 119 (3d Cir. 1981)" – which Krupnick admits does not exist – as a "placeholder" that he intended to replace. This is particularly true here, as Plaintiff had already cited the case that he subsequently claimed he intended to use. *See* DE [69-1] at 3 (citing *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988)). Although Krupnick's conduct raises questions of his adherence to Fed. R. Civ. P. 11 (as he himself concedes), given the Court's recommendation that Rutella's motion to vacate be denied, the Court declines to recommend further action with respect to Rutella's misleading submission.

5

## A.     Fed. R. Civ. P. 60(b)(1)

Pursuant to Fed. R. Civ. P. 60(b)(1), a court may vacate a final judgment for "mistake, inadvertence, surprise, or excusable neglect." A district court deciding whether to vacate a default judgment pursuant to Rule 60(b)(1) must consider "three principal factors: (a) whether the default was willful, (b) whether the defendant demonstrates the existence of a meritorious defense, and (c) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *DeCurtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (quoting *State St. Bank & Tr. Co.*, 374 F.3d at 166-67).

### 1.     Willfulness

Willfulness "refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (internal quotation omitted). This standard is satisfied where a defendant "received the complaint, the court's orders, [and] the notice of default judgment," but did not respond, and fails to show "that his non-compliance was due to circumstances beyond his control." *Trs. of Loc. 7 Tile Indus. Welfare Fund v. Port Morris Tile & Marble Corp.*, No. 20-CV-1294(ENV)(RER), 2021 WL 8317107, at *4 (E.D.N.Y. June 7, 2021) (quoting *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013)). "[O]n a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the

6

defendant bears the burden of proof to establish that the purported service did not occur." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005). Relevant here, pursuant to N.Y. C.P.L.R. 308, service on an individual may be effectuated by "delivering the summons within the state to a person of suitable age and discretion" and "mailing the summons to the person to be served at his or her last known residence." N.Y. C.P.L.R. 308(2); *see* Fed. R. Civ. P. 4(e)(1) (stating that service that follows the state's laws is effective).

Rutella fails to establish that his conduct was not willful. In moving to vacate the default judgment, he offers threadbare assertions that his "failure to respond was not due to a willful default but rather a lack of understanding of procedural requirements" and that he did "not receive proper notice of the proceedings or the judgment." Rutella Mem. at 3. Rutella offers no description of the procedural requirements he did not understand or how the notice he received was improper. *Rodriguez v. Kvatchadze*, 237 A.D. 765, 766, 231 N.Y.S.3d 200, 202 (N.Y. App. Div. 2025) ("Bare and unsubstantiated denials are insufficient to rebut the presumption of service.") (internal quotation omitted); *Onewest Bank N.A. v. Elliott*, No. 15-CV-4395(JS)(ARL), 2016 WL 3766062, at *4 (E.D.N.Y. May 23, 2016) (holding that "conclusory denials" were insufficient to show a genuine issue of material fact as to the existence of valid service).

To the contrary, on December 10, 2022, a process server personally delivered a copy of the Summons and Complaint to Rutella's wife and sent the same via First Class mail to Rutella's address. DE [29]. Rutella does not dispute this, and the

7

process server's affidavit establishes proof of valid service. *United States v. Brooks*, No. 00-CV-4131(SLT)(RLM), 2007 WL 4441221, at *2 (E.D.N.Y. Dec. 17, 2007) (holding that the defendant's "conclusory allegation that he was not served with the summons and complaint" was insufficient to vacate default judgment); *DirecTV, Inc. v. Kusner*, No. 03-CV-5101(SJF)(ARL), 2005 WL 1861712, at *2 (E.D.N.Y. July 28, 2005) (holding that the defendant "fail[ed] to rebut the presumption of valid service established by the process server's affidavit of service" when he "fail[ed] to support his conclusory assertion that service of the amended summons and complaint had not been effected"); *Prosperity Partners, Inc. v. Bonilla*, No. 04-CV-1362(SJF)(MB), 2005 WL 1661702, at *3 (E.D.N.Y. July 14, 2005) ("Defendant's conclusory claim that he never received the summons and complaint are insufficient to overcome Plaintiff's *prima facie* proof of valid service."). This is effective service, which Rutella fails to dispute. *See* Fed. R. Civ. P. 4(e); N.Y. C.P.L.R. 308(2); *AMK Cap. Corp. v. Cifre Realty Corp.*, No. 32374/17E, 2023 WL 8227688, at *5 (N.Y. Sup. Ct. Nov. 27, 2023) (holding that service was effective by delivering the summons and complaint to the plaintiff's wife and sending a copy via first class mail); *U.S. Bank Nat'l Ass'n v. Schumacher*, 172 A.D.3d 1137, 1138, 101 N.Y.S.3d 190, 191 (N.Y. App. Div. 2019) (holding that service on the defendant's wife was effective); *U.S. Bank Nat'l Ass'n v. Ramos*, 153 A.D.3d 882, 884, 60 N.Y.S.3d 345, 347 (N.Y. App. Div. 2017) (holding that, where the defendant did not contest the process server's affidavit, service was effective by delivering a copy of the summons and complaint to the defendant's wife and mailing a copy to the defendant).

Rutella asserts that Kaitlyn Rutella is a "nonparty whose relationship to Defendant has never been explained or proven." *See* Affirmation of Kevin Krupnick in Support of Motion to Vacate Judgment ("Krupnick Aff."), DE [69], ¶ 4. This is incorrect, as the process server's undisputed affidavit of service states under the penalty of perjury that Kaitlyn Rutella is Rutella's spouse and was served with the Summons and Complaint at Rutella's residence. DE [29]. In fact, Rutella does not dispute that Kaitlyn Rutella is his spouse or that he lived at the location where the Summons and Complaint were sent. Moreover, to the extent that Rutella contests service on the grounds that "no summons was ever placed into his hands," *see* Krupnick Aff. ¶ 4, as described above, that is not the relevant standard, as service may be effectuated by alternative means, including those used here. *See* N.Y. C.P.L.R. 308(2). As the party seeking to vacate default judgment, Rutella bears the burden of proving service was ineffective, which he has failed to do. *See Weifang Xinli Plastic Prods. v. JBM Trading Inc.*, No. 11-CV-2710(WFK)(LB), 2014 WL 4244258, at *13 (E.D.N.Y. Aug. 26, 2014) (holding that a defendant that had actual notice who challenges service on a motion to vacate a default judgment bears the burden of establishing that service did not occur).

In his reply, Rutella argues that an insurer-appointed counsel, Matthew Cohen, "filed a notice of appearance, promised to interpose an answer, and represented to both Defendant and [Rutella's current counsel] that he would coordinate discovery and appear at conferences." *See* Krupnick Aff. ¶ 3. This is false. Matthew Cohen neither filed a Notice of Appearance for any party in this action,

9

submitted the instant motion to vacate, nor appeared at any conference. In any event, had Cohen filed a Notice of Appearance, that would only discredit Rutella's argument that he did not have notice of this action and further support the conclusion that his conduct was willful. *See Guardian Life Ins. Co. of Am. v. Premier Wealth Grp., LLC*, No. 12-CV-9099(AJN), 2017 WL 1040425, at *3 (S.D.N.Y. Mar. 16, 2017) (holding that a defendant acted willfully where he hired an attorney who filed a notice of appearance). To this end, in a December 2, 2022 letter, Plaintiff's counsel informed the Court that an attorney for Rutella had contacted counsel for CPL regarding this action, which Rutella does not dispute, further demonstrating Rutella's actual knowledge of this action. DE [25]. Thereafter, on December 10, 2022, Taylor effectuated proper service as described above. DE [29].

Rutella subsequently received notice of the Liability R&R and the Damages R&R, as well as Judge Gonzalez's Orders adopting both, each of which advised Rutella of his ability to object within 14 days and the consequences of his failure to do so, including that any objections would be deemed waived. DE [54], [55], [59]. To this end, Rutella's reliance on *Sec. Exch. Comm'n v. McNulty*, 137 F.3d 732 (2d Cir. 1998) in support of his argument that "Courts routinely vacate judgments where excusable neglect is demonstrated," *see* Rutella Mem. at 3, is misplaced. Rutella fails to identify any excusable neglect, and the Court in *McNulty* denied a motion to vacate judgment where the defendant "made no showing of diligence that would warrant relieving him of the default judgment." 137 F.3d at 740.

Simply put, Rutella received notice at every relevant stage of this litigation and his assertion that he "had no actual notice of the proceedings," *see* Rutella Reply Mem. at 3, lacks any credibility. Despite having the opportunity to appear, respond, or object to any of Plaintiff's claims or the Court's rulings, he did not, and his conduct was therefore willful.

2. <u>Meritorious Defense</u>

Rutella does not identify a meritorious defense that warrants vacating the default judgment. To "make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Belizaire v. RAV Investigative & Sec. Servs., Ltd.*, 310 F.R.D. 100, 105 (S.D.N.Y. 2015) (citation omitted). Nevertheless, "a defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense." *Osorio-Silva v. Quintessence Alpacas, Int'l*, No. 04-CV-252(CM)(MDF), 2006 WL 8461803, at *7 (S.D.N.Y. Mar. 3, 2006) (Report and Recommendation), *adopted by* 2006 WL 8461800 (S.D.N.Y. May 24, 2006) (quoting *Yan v. Bocar*, No. 04 Civ. 4194(LAK), 2005 WL 3005338, at *16 (S.D.N.Y. Sept. 30, 2005)).

Rutella asserts that he has a meritorious defense because the Suffolk County Police Department interviewed him and "advised [Rutella] that they had found no evidence implicating Mr. Rutella in a hate crime or any discriminatory conduct."

11

Krupnick Aff. ¶ 5.  Even accepting Rutella's unsubstantiated representation as true,[5] a county police department's determination, following a single interview, that Rutella did not engage in discriminatory conduct is not binding on this Court and amounts to nothing more than a conclusory denial of Plaintiff's allegations against Rutella.  This is insufficient to identify a meritorious defense. *See Guthrie v. Rainbow Fencing Inc.*, No. 21-CV-5929(KAM)(RML), 2025 WL 871649, at \*11-12 (E.D.N.Y. Mar. 20, 2025) (holding that the defaulting party's "unsupported Declaration [did] not meet even the low threshold of adequacy . . . as the Declaration offere[d] mere conclusory denials") (internal quotation omitted); *Grp. One Ltd. v. GTE GmbH*, 625 F. Supp. 3d 28, 59 (E.D.N.Y. 2022) (holding that a "defendant 'must present more than conclusory denials when attempting to show the existence of a meritorious defense'") (quoting *Moulton Masonry & Constr., LLC*, 779 F.3d at 187); *Lopez v. Mohammed*, No. 14-CV-4443(PKC)(MDG), 2017 WL 4277154, at \*10 (E.D.N.Y. Sept. 26, 2017) ("[T]he affidavits submitted by Defendants are entirely lacking credibility and thus are equivalent to no evidence at all.") (citing *McLean v. Wayside Outreach Dev. Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015)).

Rutella further argues that he has a meritorious defense because Taylor asserted similar damages in a separate lawsuit.  *See* Rutella Reply Mem. at 5.  Rutella concedes that the separate lawsuit involved personal injuries related to a motor vehicle accident.  *Id.*  In contrast, this is an employment discrimination action related

---

[5] Although Rutella attempts to attack Taylor's claims because "there is no affidavit or declaration from Plaintiff in support of damages," *see* Rutella Reply Mem. at 6, it bears noting that Rutella himself has not submitted an affidavit or declaration, nor did he submit any report from the Suffolk County Police Department substantiating his representation of their conclusion.

12

to racial discrimination for which Plaintiff alleged, and was awarded, different damages. Moreover, Rutella's assertion that Taylor made these personal injury claims before the events at issue in this case, *see* Rutella Reply Mem. at 5, is misleading. Although Taylor filed his personal injury action in state court prior to filing this action, he alleges that the discriminatory acts occurred on April 20, 2021, *see* Am. Compl. ¶ 23, and that the personal injury events occurred on July 19, 2021. Thus, Rutella's argument regarding a personal injury action pending in state court is irrelevant and does not support Rutella's claim that he has a meritorious defense.

Finally, Rutella's assertion that he has a meritorious counterclaim against Plaintiff and cross-claim against CPL, *see* Rutella Reply Mem. at 7, is irrelevant. Although the Court offers no opinion regarding the merits, viability, or timeliness of any anticipated counterclaim against Taylor, the judgment entered against Rutella neither addresses Rutella's proposed state law counterclaim for defamation nor precludes him from pursuing any viable claim. Likewise, CPL is no longer a party to this action. DE [50]. Accordingly, neither his proposed counterclaim nor cross-claim support a finding that Rutella has a meritorious defense.

### 3. Prejudice to Non-Defaulting Party

The Second Circuit has held that "delay alone is not a sufficient basis for establishing prejudice," and that "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation omitted). Prejudice may also be present if vacatur would "thwart plaintiff's

13

recovery or remedy." *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005) (citation omitted). To meet this standard, "the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated." *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12 Civ. 52(JPO), 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013).

Taylor would be prejudiced by vacating the default judgment against Rutella. After filing this action in 2022, Plaintiff diligently prosecuted this matter. He properly served Rutella with the pleadings and all Court decisions that could affect Rutella's rights or obligations. DE [29], [54], [55], [56-4], [59], [62]. Whereas Taylor appeared at all scheduled conferences, Rutella appeared at none. DE [19], [28]. To allow this matter to languish further, when Rutella has failed to participate in any meaningful capacity despite having notice, would be prejudicial to Plaintiff. *Guthrie*, 2025 WL 871649, at *12 ("[T]he passage of time makes it likely that evidence will be more difficult to locate now.") (quoting *Manzanares v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*, No. 17-CV-5001(MKB)(RML), 2020 WL 7249249, at *6 (E.D.N.Y. July 2, 2020)); *see Belizaire*, 310 F.R.D. at 105 (denying motion to vacate default judgment where the plaintiff prosecuted his action diligently for three years). To this end, Rutella's reliance on *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988) in his untimely reply in support of his motion is unpersuasive.[6] In *Peralta*, the party seeking to vacate judgment did not have proper notice of the action. 485 U.S. at 86,

---

[6] Rutella filed an amended reply memorandum of law in which he substituted the non-existent *Green* case described above with *Peralta*. DE [70]. Even if the Court were to consider the filing, *Peralta* does not support Rutella's position.

14

108 S. Ct. at 900. In contrast, as discussed at length above, Rutella fails to dispute proper service or that he had actual knowledge of this action.

Ultimately, the Court must weigh the factors in determining whether to vacate a default judgment. *See Guthrie*, 2025 WL 871649, at *13 (weighing Rule 60(b) factors in denying motion to vacate default judgment); *World Magic Int'l AVV v. Eddy Int'l Ltd.*, No. 09 Civ. 1447(DC), 2010 WL 4457184, at *3 (S.D.N.Y. Nov. 1, 2010) (holding that the fact that the defendant's default was willful was reason enough to deny motion to vacate default judgment and observing that "[n]egligent defaults may be excusable; *deliberate* defaults are not") (emphasis in original). To this end, "courts in this circuit have repeatedly denied motions to vacate default judgments solely on the basis of the defaulting party's willfulness." *Kantor v. Air Atl. Med., P.C.*, No. 19-CV-3597(EK)(ST), 2023 WL 2329800, at *8 (E.D.N.Y. Mar. 2, 2023). Considering Rutella's willfulness, lack of a meritorious defense, and prejudice that Plaintiff would suffer, the Court respectfully recommends that Rutella's motion to vacate based on Fed. R. Civ. P. 60(b)(1) be denied.

### B. Fed. R. Civ. P. 60(b)(3)

Rutella further argues that, pursuant to Fed. R. Civ. P. 60(b)(3), the default judgment should be vacated due to fraud, misrepresentation, or misconduct. *See* Rutella Mem. at 4. He asserts that Taylor exaggerated his claims for damages, failed to present evidence of his attempts to mitigate damages, and misrepresented the scope of Rutella's involvement in the discriminatory conduct. *Id.* Even if true, this

15

is not the "fraudulent" conduct or "misrepresentation" that Fed. R. Civ. P. 60(b)(3) contemplates and Rutella's argument is meritless.

"To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *Castro v. Bank of N.Y. Mellon*, 852 F. App'x 25, 29 (2d Cir. 2021) (quoting *State St. Bank & Tr. Co.*, 374 F.3d at 176); *see Lu v. Nisen Sushi of Commack, LLC*, No. 18-CV-7177(RJD)(ST), 2022 WL 16754744, at *8 (E.D.N.Y. Aug. 29, 2022) (Report and Recommendation), *adopted by* 2022 WL 4597436 (E.D.N.Y. Sept. 30, 2022) (holding that a motion pursuant to Fed. R. Civ. P. 60(b)(3) "cannot be granted absent clear and convincing evidence of material misrepresentation, and to prevail a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case"); *Kampuries v. Am. Honda Motor Co. Inc.*, No. 15-CV-5061(JFB)(AKT), 2018 WL 3442796, at *4 (E.D.N.Y. July 17, 2018) ("A Rule 60(b)(3) motion cannot serve as an attempt to relitigate the merits of a previously determined motion.").

The alleged fraud or misconduct upon which Rutella relies did not prevent him from fully and fairly participating in this action. Instead, Rutella seeks to belatedly relitigate and argue the merits of this action by denying his involvement in the discriminatory conduct and disputing the basis and amount of damages awarded. A motion to vacate a default judgment pursuant to Fed. R. Civ. P. 60(b)(3) is not an opportunity to relitigate. *See, e.g.*, *Schlafman v. State Univ. of N.Y.*, 541 F. App'x 91, 93 (2d Cir. 2013) (affirming denial of motion to vacate judgment where the plaintiff's

16

arguments were "thinly-veiled attempts to relitigate the district court's evidentiary rulings and factual issues underlying the merits"). Despite having notice of the Second Amended Complaint and his ability to object to the Liability R&R and Damages R&R, Rutella failed to respond or timely object. He had ample opportunity to participate in this litigation, including defending himself against both liability and damages, but declined to do so. As Rutella fails to identify any fraud or misconduct that inhibited his ability to defend himself in this action, the default judgment should not be vacated based on Fed. R. Civ. P. 60(b)(3). *See Hampton v. McDonough*, No. 17-CV-5711(JMW), 2023 WL 3159571, at *4 (E.D.N.Y. Apr. 28, 2023) (holding that the plaintiff did not show "fraud or misconduct" where he was not deprived of the "opportunity to present his case fully and fairly"). Accordingly, the Court respectfully recommends that Rutella's motion be denied insofar as it is premised on Fed. R. Civ. P. 60(b)(3).

### C. Fed. R. Civ. P. 60(b)(6)

Finally, Rutella moves to vacate judgment based on Fed. R. Civ. P. 60(b)(6). Rutella Mem. at 4-5. Pursuant to Fed. R. Civ. P. 60(b)(6), a judgment may be vacated for "any other reason that justifies relief." Nevertheless, "[r]elief under Rule 60(b)(6) is appropriate only in cases presenting 'extraordinary' circumstances.'" *Polanco v. United States*, No. 14-CV-1540(TPG), 2017 WL 4330373, at *2 (S.D.N.Y. Sept. 27, 2017) (quoting *First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989)); *see Guthrie*, 2025 WL 871649, at *9 ("Rule 60(b)(6) applies only 'when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule'

17

and 'there are extraordinary circumstances justifying relief.'") (quoting *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016)). Vacating a judgment based upon extraordinary circumstances pursuant to Fed. R. Civ. P. 60(b)(6) is "rare relief." *Siino v. City of New York*, No. 14-CV-7217(MKB), 2016 WL 8711442, at *6 (E.D.N.Y. Feb. 19, 2016); *see DeCurtis*, 529 F. App'x at 86 (observing that vacating default pursuant to Fed. R. Civ. P. 60(b)(6) "is to be used sparingly").

Rutella argues that the damages awarded are excessive and lack support. *See* Rutella Mem. at 4-5; Rutella Reply Mem. at 8. Specifically, he claims that judgment should be vacated under this provision based upon: (1) the disproportionate nature of the damages awarded; (2) a lack of evidence directly implicating Defendant in the alleged conduct; and (3) procedural deficiencies that deprived Defendant of notice. *Id.* These arguments are duplicative, have been addressed, and do not provide a basis for vacating a judgment. Moreover, to the extent Rutella asserts that he was "deprived of an opportunity to defend" himself and that a "judgment was entered based on one-sided submissions," *see* Rutella Reply Mem. at 8, he is incorrect. As discussed above, he received proper notice of this action and had the opportunity to defend himself but declined to do so. Rutella identifies no "extraordinary circumstances," and the Second Circuit has held that Fed. R. Civ. P. 60(b)(6) may not be used as a vehicle to argue other provisions of Fed. R. Civ. P. 60. *Tapper*, 833 F.3d at 171 (denying motion to vacate pursuant to Fed. R. Civ. P. 60(b)(6) where the defendant failed to identify relief that was "separate from the basis asserted under" other subsections); *see Guthrie*, 2025 WL 871649, at *9 (relying on factors enumerated

18

in Rule 60(b)(1) to deny motion under Rule 60(b)(6) and finding that there were no extraordinary circumstance to warrant vacating a default judgment); *Drywall Tapers & Painters of Greater N.Y. v. Creative Installations, Inc.*, 343 F.R.D. 358, 362 (S.D.N.Y. 2022) ("Rule 60(b)(6) is not to be used if there is any other reason . . . justifying relief from the judgment.") (internal quotation omitted); *G&G Closed Circuit Events, LLC v. Gonzalez*, No. 14-CV-5334(RRM)(SMG), 2019 WL 4917913, at *3 (E.D.N.Y. Sept. 30, 2019) ("A defendant is not entitled to relief pursuant to Rule 60(b)(6) unless no other provision of Rule 60(b) . . . applies.").

Rutella fails to identify any "extraordinary circumstance" that justifies relief pursuant to Fed. R. Civ. P. 60(b)(6). Accordingly, the Court respectfully recommends that his motion to vacate default judgment be denied with respect to Fed. R. Civ. P. 60(b)(6).

## IV. CONCLUSION

The totality of the circumstances demonstrate that Rutella's default was willful, was not the result of fraud, and does not involve extraordinary circumstances. Accordingly, the Court respectfully recommends that Rutella's motion to vacate the default judgment entered against him be denied in its entirety.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on all remaining parties via electronic filing on the date below. The Court will mail a copy to Sobel at his address on record. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed.

R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
          June 13, 2025

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge
