UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KYRIN TAYLOR,

                Plaintiff,

-against-

COOPER POWER & LIGHTING, MITCH COOPER, DAREN SOBEL, and AUSTIN RUTELLA,

                Defendants.
---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
22-CV-2236(HG)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this employment discrimination action, on referral from the Honorable Hector Gonzalez for Report and Recommendation, is Plaintiff Kyrin Taylor's ("Plaintiff" or "Taylor") unopposed application for attorneys' fees. *See* Docket Entry ("DE") [61]. For the reasons set forth herein, the Court respectfully recommends that Plaintiff be awarded $156,752.00 in attorneys' fees and costs, jointly and severally, from Defendants Austin Rutella ("Rutella") and Daren Sobel ("Sobel" and together, the "Defaulting Defendants").

**I.   BACKGROUND**[1]

In his Second Amended Complaint, which was the operative pleading in this action, Plaintiff asserted claims against Cooper Power & Lighting Corp. ("CPL"), Mitch Cooper ("Cooper"), Rutella, and Sobel (collectively, "Defendants") arising

---

[1] The factual background underlying Plaintiff's claims and the procedural background of this matter has been discussed at length in the Court's previous Reports and Recommendations addressing both liability and damages, *see* DE [53], [58], which are incorporated herein by reference. Relevant facts and background are provided for purposes of context of the instant motion.

under: (1) 42 U.S.C. § 1981 ("Section 1981") for race discrimination; (2) 42 U.S.C. § 1985 ("Section 1985") for conspiracy; (3) New York common law for negligent hiring, retention, and training; (4) New York common law for intentional and negligent infliction of emotional distress; (5) the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et al.*, for race discrimination; (6) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et al.*, for race discrimination; and (7) the Suffolk County Human Rights Law for race discrimination. DE [23].

In a May 10, 2024 Report and Recommendation (the "Liability R&R"), this Court recommended that a default judgment be entered against Rutella and Sobel with respect to Taylor's claims for race discrimination pursuant to Section 1981, hostile work environment under the NYSHRL, and conspiracy pursuant to Section 1985. DE [53]. Judge Gonzalez adopted the Liability R&R and granted Plaintiff leave to file an application for damages. *See* Electronic Order dated June 7, 2024. In a September 26, 2024 Report and Recommendation (the "Damages R&R"), this Court recommended that judgment be entered against Rutella and Sobel, jointly and severally, in the amount of $759,629.20, including: (1) $59,629.20 for lost wages; (2) $200,000 for emotional distress damages; and (3) $500,000 in punitive damages. DE [58]. This Court further recommended that Plaintiff be awarded $6,558.42 in pre-judgment interest, plus $5.23 per day until the date on which judgment was entered, as well as post-judgment interest as set forth in 28 U.S.C. § 1961. DE [58]. Judge Gonzalez adopted the Damages R&R and granted Plaintiff a further opportunity to

2

substantiate the attorneys' fees and costs he seeks to recover.  *See* Electronic Order dated October 21, 2024.

On November 4, 2024, Taylor filed the instant application for attorneys' fees and costs.  DE [61].  He seeks $200,820.00 in fees and $5,710.10 in costs.[2]  *Id.*  On November 5, 2024, Judge Gonzalez referred Plaintiff's motion to this Court for a Report and Recommendation.  The Court respectfully recommends that Plaintiff's application for attorneys' fees and costs be granted to the extent described below.[3]

## II.  LEGAL STANDARD

Section 1981, Section 1985, and the NYSHRL allow for an award of reasonable attorneys' fees and costs.  *See* 42 U.S.C. § 1988(b) (stating that, in actions arising under Sections 1981 and 1985, "the court, in its discretion may allow the prevailing party, . . . a reasonable attorney's fee . . . ."); *Cruz v. Bar 9 Entm't Corp.*, No. 23-CV-3133(MMG), 2025 WL 1397240, at *2 (S.D.N.Y. May 14, 2025) (observing that the "NYSHRL allow[s] a prevailing party to recover reasonable attorneys' fees, including litigation expenses and costs") (citing N.Y. Exec. Law § 297(10)).  To determine reasonable attorneys' fees, the Supreme Court and the Second Circuit have held that

---

[2] Although the legal fees enumerated in the declaration submitted in support of Plaintiff's motion, *see* DE [61], match the fees identified in the contemporaneous time records, *see* DE [61-3], the sum of the fees in the declaration is inconsistent with the amount attributed to each biller.  *See* Brewington Decl. ¶ 72.  Moreover, while the summary in the Brewington Declaration omits any reference to Cobia Powell, *id.*, his credentials are described in the Brewington Declaration and his contemporaneous time records are included.  Having reviewed both, the Court will consider those fees that are adequately substantiated as described herein.

[3] The Court notes that, on July 13, 2025, Rutella filed a motion for reconsideration of Judge Gonzalez's Order adopting this Court's unopposed Report and Recommendation that Rutella's motion to vacate be denied.  DE [72].  Citing Docket Entry 69-1, Rutella claims that he filed a timely objection to the Report and Recommendation.  *Id.*  The purported objection was filed nearly two months before this Court's Report and Recommendation and his argument that he objected is therefore meritless.

3

the lodestar method—the product of a reasonable hourly rate and the reasonable number of hours required—creates a "presumptively reasonable fee." *Won v. Gel Factory, Corp.*, No. 20-CV-5269(EK)(ARL), 2022 WL 903121, at *8 (E.D.N.Y. Jan. 25, 2022) (Report and Recommendation), *adopted by* 2022 WL 903065 (E.D.N.Y. Mar. 28, 2022) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). This method "produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Won*, 2022 WL 903121, at *8 (quoting *Perdue v. Kenny A. ex rel. Winn.*, 559 U.S. 542, 551, 130 S. Ct. 1662, 1672 (2010)).

"The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Maldonado v. Srour*, No. 13-CV-5856(ILG)(JO), 2016 WL 5864587, at *1 (E.D.N.Y. Oct. 6, 2016). "The moving party 'must support its application by providing contemporaneous time records that detail for each attorney, the date, the hours expended, and the nature of the work done.'" *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 250-51 (E.D.N.Y. 2020) (quoting *Riley v. City of New York*, No. 10-CV-2513(MKB), 2015 WL 9592518, at *2 (E.D.N.Y. Dec. 31, 2015)). "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Feltzin v. Union Mall, LLC*, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019) (citation omitted).

4

## III. DISCUSSION

Plaintiff seeks $206,530.57 in attorneys' fees and costs. DE [61]. This includes: (1) $154,080 for founding partner Fredrick Brewington, who billed 256.8 hours at an hourly rate of $600; (2) $3,240 for associate Albert Manuel, who billed 10.8 hours at an hourly rate of $300; (3) $1,375 for associate Cobia Powell, who billed 5.5 hours at an hourly rate of $250; (4) $675 for Precilla Lockett, a law graduate who is not admitted to a state's bar, who billed 4.5 hours at an hourly rate of $150; (5) $315 for associate Maria Dyson, who billed .9 hours at an hourly rate of $350; (6) $38,125 for Leah Jackson, an associate who billed 152.5 hours at an hourly rate of $250; (7) $640 for Dennis Swanson, an associate who billed 3.2 hours at an hourly rate of $200;[4] (8) $2,310 for paralegal Dana Simone Williams, who billed 23.1 hours at an hourly rate of $100; (9) $60 for legal assistant Lavern Van Ommerran, who billed .6 hours at an hourly rate of $100; and (10) $5,710.57 in costs.

### A. Fees

#### 1. Reasonable Hourly Rate

In determining an award of attorneys' fees, the Court must first ascertain the "presumptively reasonable fee" for the legal services rendered, which is, "what a reasonable client would be willing to pay[.]" *Gordon v. Chambers*, No. 20-CV-696(HG)(JAM), 2024 WL 3533876, at *14 (E.D.N.Y. July 25, 2024) (quoting *Masino v. Columbus Constr. Corp.*, No. 08-CV-1592(RRM)(CLP), 2009 WL 2566956, at *6

---

[4] Whereas the Brewington Declaration states that Mr. Swanson's time was billed at $225 per hour, *see* Brewington Decl. ¶ 67, he is omitted from the fee summary, *id.* at ¶ 72, and the time records submitted show that Mr. Swanson's time was billed at a rate of $200 per hour. *Id.* at Ex. C. The Court will rely on the rate of $200 per hour stated in the contemporaneous time records.

5

(E.D.N.Y. Aug. 19, 2009)). "The party applying for fees must support the hourly rates it claims with, for example, evidence of counsel's expertise and prevailing market rates." *Gesualdi v. Bestech Transp., LLC*, No. 14-CV-1110(JS)(ARL), 2022 WL 866853, at *2 (E.D.N.Y. Mar. 23, 2022) (citations omitted). Notably, courts in the Eastern District of New York have recently observed an increase in reasonable hourly rates to keep pace with inflation and the reality of current times. *See, e.g.*, *Rubin v. HSBC Bank USA, N.A.*, 763 F. Supp. 3d 233, 242 (E.D.N.Y. 2025) ("Times have changed. Attorneys' fees, like other goods and services, increase in cost with inflation. Retaining the same rates as far back as at least 2012 is no longer sustainable. Moreover, it runs counter to the admonition of the Supreme Court that the lodestar should be current rather than historic hourly rates.") (internal quotations and citations omitted); *HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-CV-5876(MKB)(VMS), 2018 WL 6079932, at *2 (E.D.N.Y. Nov. 21, 2018) ("[T]he Court acknowledges that the hourly rates charged by attorneys with similar levels of experience in the Southern District of New York, which is located less than two miles away from this District, and in the District of Columbia are higher than those typically awarded in this District. The Court believes that from a financial perspective, the difference between practicing in this District as opposed to the Southern District or the District of Columbia is minimal."). The hourly rates that Taylor's counsel requests are reasonable.

6

       *i.*    *Frederick Brewington*

Mr. Brewington is a 1982 graduate of Northeastern University School of Law. *See* Declaration of Frederick K. Brewington in Support of Motion for Attorneys' Fees ("Brewington Decl."), DE [61], ¶ 27. He is a highly skilled trial attorney who is well-respected in his field and in the Eastern District of New York. Mr. Brewington devoted significant time to this matter, billing 256.8 hours at an hourly rate of $600. *Id.* at ¶ 72. As Judge Block explained in *Rubin*, while this rate may have previously been at the top of the range for partners in this District, it is appropriate for someone with Mr. Brewington's expertise and experience. 763 F. Supp. 3d at 243-44 ("Adjusted for inflation and market conditions, I have rounded out the forum rates in the Eastern District to now be $450-$650 for partners . . . ."); *see Harbus v. Vosa TV Inc.*, No. 24-CV-3572(NGG)(JAM), 2025 WL 1153818, at *3 (E.D.N.Y. Apr. 21, 2025) (relying on *Rubin* to increase the hourly rate of a senior partner to $650 in a default judgment action); *Santander Consumer USA, Inc. v. Port Auth. of N.Y. & N.J.*, No. 20-CV-1997(MKB), 2023 WL 5758995, at *3 (E.D.N.Y. Sept. 6, 2023) ("[T]here is also precedent within this District awarding rates as high as $600 depending upon the experience of the lawyer and complexity of the matter."). Accordingly, the Court recommends that an hourly rate of $600 be applied to Mr. Brewington's time.

       *ii.*    *Albert Manuel*

Mr. Manuel is a 2017 graduate of the Touro College Jacob D. Fuschberg Law Center ("Touro Law"). Brewington Decl. ¶ 49. He billed 10.8 hours to this matter at an hourly rate of $300. *Id.* at ¶ 51. Having reviewed the time billed and nature of

7

work performed, an hourly rate of $300 for someone with Mr. Manuel's experience is reasonable. *See Ghahremani v. Craft for Kids Imports, Inc.*, No. 24-CV-4356(FB)(LKE), 2025 WL 758636, at *1 (E.D.N.Y. Mar. 11, 2025) (holding that an hourly rate of $320 was appropriate for a third-year associate); *Moore v. Rubin*, 766 F. Supp. 3d 423, 428 (E.D.N.Y. 2025) ("After an extensive and well-documented discussion of the impact of inflation on the cost of living, [Judge Block] found that the reasonable hourly rates in this district are now $450 to $650 for partners, $300 to $450 for senior associates, $150 to $300 for junior associates, and $100 to $150 for paralegals.") (citing *Rubin*, 763 F. Supp. 3d at 243-44). Accordingly, the Court recommends that an hourly rate of $300 be applied to Mr. Manuel's time.

### iii. Cobia Powell

Mr. Powell is an associate and a 2021 graduate the City University of New York law school. Brewington Decl. ¶ 52. He billed 5.5 hours to this matter at an hourly rate of $250. *Id.* at ¶ 55. The hourly rate he seeks is reasonable. *Harbus*, 2025 WL 1153818, at *3 (awarding an hourly rate of $250 for a 2021 law school graduate in a default judgment action); *Moore*, 766 F. Supp. 3d at 428. Accordingly, the Court recommends that an hourly rate of $250 be applied to Mr. Powell's time.

### iv. Precilla Lockett

Ms. Lockett is a 1999 graduate of Touro Law. Brewington Decl. ¶ 56. Although she is a law school graduate, she is not barred in any state. *Id.* Nevertheless, she "was of major assistance in the preparation and research of issues which were raised during this matter . . . ." *Id.* Ms. Lockett billed 4.5 hours to this matter at an hourly

8

rate of $150. *Id.* at ¶ 58. An hourly rate of $150 for a law school graduate, despite not being admitted to a bar, is reasonable. *Rubin*, 763 F. Supp. 3d at 243-44 (holding that an hourly rate up to $150 was reasonable for professionals such as paralegals not admitted to the bar). Accordingly, the Court recommends that an hourly rate of $150 be applied to Ms. Lockett's time.

   *v.* *Maria Dyson*

Ms. Dyson was an associate who graduated with a Bachelors of Arts from St. John's University in 2009 and with a Juris Doctorate from the City University of New York in 2013. Brewington Decl. ¶ 59. Ms. Dyson billed .9 hours to this matter at an hourly rate of $350 and Plaintiff's application excludes duplicative entries from Ms. Dyson. *Id.* at ¶¶ 60, 61. An hourly rate of $350 for someone with Ms. Dyson's experience is reasonable. *See Rubin*, 763 F. Supp. 3d at 243-44; *Camillo v. Khim's Millenium Mkt., Inc.*, No. 22-CV-7846(AMD)(PK), 2025 WL 951265, at *16 (E.D.N.Y. Mar. 13, 2025) (holding that an hourly rate of $350 was reasonable for a 2014 law school graduate). Accordingly, the Court recommends that an hourly rate of $350 be applied to Ms. Dyson's time.

   *vi.* *Leah Jackson*

Ms. Jackson was a junior associate at the Firm. Brewington Decl. ¶ 62. She graduated from Touro Law in 2020. *Id.* at ¶ 63. Ms. Jackson billed 152.5 hours to this matter at an hourly rate of $250. *Id.* at ¶ 65. The hourly rate that she seeks is reasonable. *See Harbus*, 2025 WL 1153818, at *3; *Rubin*, 763 F. Supp. 3d at 243-44. Accordingly, the Court recommends that an hourly rate of $250 be applied to Ms.

9

Jackson's time. Nevertheless, as described below, a reduction in the number of hours Ms. Jackson billed is appropriate.

> *vii.* *Dennis Swanson*

Although Plaintiff does not provide Mr. Swanson's specific position or title, he states that Mr. Swanson is a 2021 graduate of Hofstra University Law School. Brewington Decl. ¶ 66. Mr. Swanson "provided helpful and important support for [Mr. Brewington] and the client." *Id.* at ¶ 67. Mr. Swanson billed 3.2 hours to this matter at an hourly rate of $200. *Id.* The rate requested for a 2021 law school graduate is reasonable. *Harbus*, 2025 WL 1153818, at *3; *see Kotuwage v. NSS Petroleum Inc.*, No. 15-CV-4374(FB)(ST), 2019 WL 1370692, at *2 (E.D.N.Y. Mar. 6, 2019) ("The Court finds that the reasonable rate for the junior associate is $200 . . . ."). Accordingly, the Court recommends that an hourly rate of $200 be applied to Mr. Swanson's time.

> *viii.* *Dana Simone Williams*

Ms. Williams billed 23.1 hours at an hourly rate of $100. *See* Brewington Decl. ¶ 70, Ex. C. Ms. Williams was the "paralegal originally assigned to this case" and "assisted in the preparation and filing of the complaint with the State Division of Human Rights and assisted the attorneys on various tasks necessary to move the case forward." *Id.* at ¶ 70. Although Plaintiff does not provide specific credentials for Ms. Williams, an hourly rate of $100 for a paralegal is reasonable. *See Holiday Park Drive, LLC v. Newist Corp.*, No. 23-CV-2623(AMD)(JMW), 2025 WL 990165, at *2 (E.D.N.Y. Apr. 2, 2025) (observing that the new prevailing rate for paralegals is

$100-$150 per hour); *Harbus*, 2025 WL 1153818, at *3 (awarding rate of $125 per hour for paralegal in default judgment action). Accordingly, the Court recommends that an hourly rate of $100 be applied to Ms. Williams' time.

>    *ix.*     *Lavern Van Ommerran*

Ms. Van Ommerran is a legal assistant/paralegal. Brewington Decl. ¶ 68. She obtained her paralegal certificate from Hofstra University in 2002 and her Bachelor of Science in Political Science from Hofstra University in 2005. *Id.* She billed .6 hours at an hourly rate of $100 and Plaintiff's counsel has excluded duplicative billing entries. *Id.* at ¶ 71. A rate of $100 per hour is reasonable for someone in Ms. Van Ommerran's position and with her experience. *See Holiday Park Drive, LLC*, 2025 WL 990165, at *2; *Harbus*, 2025 WL 1153818, at *3. Accordingly, the Court recommends that an hourly rate of $100 be applied to Ms. Van Ommerran's time.

>    **B.**     **Reasonableness of Number of Hours Billed**

The Court must also determine whether the number of hours that Plaintiff's counsel billed was reasonable. *Duan v. Studio M. Bar & Lounge Inc.*, No. 20-CV-2240(RPK)(JRC), 2024 WL 4250262, at *16 (E.D.N.Y. Jan. 31, 2024) ("Courts award fees only for hours that are 'reasonably expended.'") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1938 (1983)). "When considering an application for attorneys' fees, the Court should exclude excessive, redundant, or otherwise unnecessary hours." *Dominic Schindler Holding, AG v. Moore*, No. 20-CV-4407(RPK)(VMS), 2022 WL 987428, at *9 (E.D.N.Y. Jan. 12, 2022) (internal quotation omitted). Relevant here, "[o]n a motion for default judgment, courts typically reduce

11

or exclude attorney hours that were expended on matters related to other defendants." *Duan*, 2024 WL 4250262, at *16; *Nimkoff v. Drabinsky*, No. 24-CV-4498(PKC), 2020 WL 3806146, at *10 (E.D.N.Y. June 9, 2020) ("[I]t is common practice for courts in this Circuit to reduce or exclude attorneys' hours that were expended on matters related to non-defaulting defendants . . . .") (internal quotation omitted). The Court must also consider the reasonableness of the fee award considering the success achieved. *See Fendi Adele S.r.l. v. Burlington Coat Factory Warehouse Corp.*, No. 06 Civ. 85(LBS)(MHD), 2010 WL 11586698, at *13 (S.D.N.Y. Aug. 9, 2010) ("[T]he court must keep in mind that the attorneys' fees should bear some relationship to the level of success achieved . . . ."). The Court has reviewed the contemporaneous time records that Plaintiff submitted with his application for attorneys' fees. DE [61-3]. With two exceptions, they are reasonable.

First, although the amount of time Ms. Jackson spent on distinct tasks is reasonable, the time records reflect several entries in which she billed for performing the same task, on the same date, and spending the same amount of time. *See* Brewington Decl. Ex. C entries dated Oct. 17, 2022, Oct. 24, 2022, Oct. 25, 2022, Oct. 26, 2022, Oct. 27, 2022, Oct. 28, 2022. The Court presumes these entries to be duplicative. The apparently duplicative entries amount to 21.4 hours, which the Court recommends be deducted from Ms. Jackson's time billed. *Id.*[5]

Second, although Taylor commenced this action against CPL, Cooper, Rutella, and Sobel, DE [1], he settled his claims against CPL and Cooper (together, the

---

[5] The table below reflects the recommended reduction of hours for Ms. Jackson's time.

12

"Settling Defendants"), leaving only Rutella and Sobel subject to the default judgment. DE [50], [60]. Accordingly, certain work performed was presumably performed solely with respect to Plaintiff's claims against CPL and Cooper. Having reviewed Plaintiff's counsel's contemporaneous time records, it is not feasible to differentiate or parse out time billed solely to claims asserted against the Settling Defendants or the Defaulting Defendants. This is particularly true as Rutella and Sobel were CPL employees and this action relates to Defendants' discriminatory conduct during Taylor's employment.

"As the Supreme Court has recognized, where a plaintiff's claims arise from a common core of facts, '[m]uch of counsels' time will be devoted generally to the litigation as a whole, making it difficult to divide hours on a claim-by-claim basis.'" *Harvey v. Home Savers Consulting Corp.*, No. 07 Civ. 2645(JG), 2011 WL 4377839, at *7 (E.D.N.Y. Aug. 12, 2011) (quoting *Hensley*, 461 U.S. at 435, 103 S. Ct. at 1938). To this end, holding "defaulting defendants liable for the entirety of the fees incurred in a litigation, or a disproportionate amount of fees, would permit some defendants to settle their case at a discount while requiring the defaulting defendants to subsidize the difference." *Id.*; *see Hilton v. UK Fragrances, Inc.*, No. 12-CV-6346(JFB)(AKT), 2014 WL 794304, at *12 (E.D.N.Y. Feb. 25, 2014) ("[T]he fee burden should not be borne by a single defendant alone, where the fees relate to activities performed related to the litigation as a whole."). Accordingly, where, as here, there are "fees that were billed for services related to both non-defaulting and defaulting defendants, . . . [they] may be reduced by an across-the-board percentage." *Duan*, 2024 WL

13

4250262, at *16 (citing *JTH Tax LLC v. Sanchez*, No. 22 Civ. 6160(AS)(JLC), 2023 WL 6813449, at *7 (S.D.N.Y. Oct. 16, 2023)).

Here, for nearly two years, Plaintiff litigated this action solely against CPL and Cooper after Rutella and Sobel failed to appear. DE [1], [50]. Given the nature of Taylor's claims, however, much of Taylor's counsel's litigation efforts from the inception of the case were also in pursuit of his claims against Rutella and Sobel, ultimately resulting in a substantial default judgment against the Defaulting Defendants. DE [60]. Although the default judgment only applies to Rutella and Sobel, Plaintiff was still required to establish liability and damages against them, which he did. *Id.*

Accordingly, a reduction of the hours billed is appropriate to account for potentially duplicative fees. There is no precise formula to determine an appropriate reduction in hours. *See Neri v. Abi Japanese Rest., Inc.*, No. 20-CV-581(MKB)(JRC), 2022 WL 16755146, at *5 (E.D.N.Y. Sept. 15, 2022) (citing *Hensley*, 461 U.S. at 436, 103 S. Ct. at 1941). Here, considering the course of the litigation, the overlap in claims asserted against the Defaulting Defendants and Settling Defendants, and the level of success that Plaintiff's counsel achieved, an across-the-board reduction of 20% of the hours provides for both a reasonable award of attorneys' fees while also accounting for the fact that Taylor settled his claims against the Settling Defendants several months before the Court entered a default judgment against the Defaulting Defendants. *Mitchell Grp. USA LLC v. Udeh*, No. 14-CV-5745(DLI)(JO), 2017 WL 9487193, at *11 (E.D.N.Y. Mar. 8, 2017) (recommending 20% reduction in fees where

14

"some of the time included . . . was specific to the claims against" other defendants); *Harvey*, 2011 WL 4377839, at *7 (recommending 25% reduction in fees where a default judgment was entered against only certain defendants); *Todaro v. Siegel Fenchel & Peddy, P.C.*, 697 F. Supp. 2d 395, 401 (E.D.N.Y. 2010) (awarding 70% of a fee application where factually related claims shared significant overlap). Accounting for duplicative time entries and applying the 20% reduction of hours recommended above, the table below reflects an appropriate award of attorneys' fees.

| NAME | RATE | HOURS BILLED | HOURS REDUCED BY 20% | TOTAL |
|---|---|---|---|---|
| Frederick Brewington | $600 | 256.8 | 205.4 | $123,240.00 |
| Albert Manuel | $300 | 10.8 | 8.6 | $2,580.00 |
| Cobia Powell | $250 | 5.5 | 4.4 | $1,100.00 |
| Precilla Lockett | $150 | 4.5 | 3.6 | $540.00 |
| Maria Dyson | $350 | .9 | .7 | $245.00 |
| Leah Jackson | $250 | 131.1 | 104.9 | $26,225.00 |
| Dennis Swanson | $200 | 3.2 | 2.6 | $520.00 |
| Dana Simone Williams | $100 | 23.1 | 18.5 | $1,850.00 |
| Lavern Van Ommerran | $100 | .6 | .5 | $50.00 |
| | | | **TOTAL** | **$156,350.00** |

Accordingly, the Court respectfully recommends that Plaintiff be awarded $156,350.00 for attorneys' fees against the Default Defendants.

### B. Costs

Plaintiff also seeks to recover $5,710.57 in costs. *See* Brewington Decl. ¶ 73. Section 1981, Section 1985, and the NYSHRL allow a prevailing plaintiff to recover reasonable costs. *See, e.g., Ramsey v. J.C. Skynet Serv., LLC*, No. 21-CV-469(JMA)(JMW), 2023 WL 319549, at *1 (E.D.N.Y. Jan. 19, 2023) ("A prevailing plaintiff in a Section 1981 suit is entitled to recover his reasonable fees and costs."). Nevertheless, "[t]he party seeking to recover costs 'bears the burden of adequately documenting and itemizing the costs requested.'" *Datiz v. Int'l Recovery Assocs., Inc.*,

No. 15-CV-3549(DRH)(AKT), 2020 WL 5899881, at *14 (E.D.N.Y. Mar. 12, 2020) (quoting *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-CV-3027(JFB)(AKT), 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015)) (citation omitted); *Div. 1181 Amalgamated Transit Union v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 628 (E.D.N.Y. 2017) ("[I]t is incumbent upon the party seeking reimbursement of its costs to provide the court adequate substantiation in the form of receipts and other documents not only showing such costs were incurred, but that they were paid."). "In the absence of adequate substantiation, a party is not entitled to recover costs." *Bestech Transp., LLC*, 2022 WL 866853, at *5 (citing *Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) (declining to award costs due to an absence of documentation); *Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761(KAM)(SMG), 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013) (same).

Plaintiff has not submitted substantiation of the costs he seeks to recover. Although the time entries reflect costs allegedly incurred, this is insufficient. *See Bencosne v. Beautiful Paradise Rest. Corp.*, No. 22-CV-1567(PGG)(SN), 2024 WL 3345687, at *11 (S.D.N.Y. Mar. 18, 2024) (holding that simply listing costs in billing entries is insufficient in the absence of "documentation, attestations, invoices, or receipts substantiating the costs"); *Dominguez v. 322 Rest. Corp.*, No. 14-CV-3643(RA), 2019 WL 2053995, at *10 (S.D.N.Y. May 9, 2019) ("The Court cannot simply take the ledger that plaintiffs' counsel created at face value without any additional evidence of the costs alleged therein.") (citing *John v. Demaio*, No. 15-CV-6094(NGG)(CLP), 2016 WL 7469862, at *12 (E.D.N.Y. Sept. 29, 2016)).

16

The Court may take judicial notice of the $402 filing fee. *See Phillips v. TraxNYC Corp.*, No. 21-CV-528(LDH)(MMH), 2023 1987206, at *10 (E.D.N.Y. Feb. 14, 2023) ("The Court permissibly takes judicial notice of the docket notations for paid filing fees."). In the absence of substantiation of any additional costs, however, the Court does not recommend that they be awarded. *See Khotovitskaya v. Shimunov*, No. 18-CV-7303(NGG)(CLP), 2021 WL 868781, at *3 (E.D.N.Y. Mar. 9, 2021) ("Courts are unable to award costs . . . without supporting documentation."); *Piedra v. Ecua Rest., Inc.*, No. 17-CV-3316(PKC)(CLP), 2018 WL 1136039, at *20 (E.D.N.Y. Jan. 31, 2018) (holding that without supporting documentation, the court cannot simply accept "at face value" the costs for translation services that plaintiff seeks). This is Plaintiff's third opportunity to substantiate the amount it seeks to recover. Having failed to do so, the Court recommends that Plaintiff be awarded $402 for costs expended in this matter.

## IV.  CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion be granted and that Plaintiff be awarded $156,752.00 in attorneys' fees and costs against the Defaulting Defendants, jointly and severally.

## V.  OBJECTIONS

A copy of this Report and Recommendation is being served on all parties of record by electronic filing on the date below. Plaintiff is directed to serve a copy of it on the Defaulting Defendants via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk

of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (d Cir. 1996).

Dated: Central Islip, New York
July 14, 2025

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge